IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:08CV146 LG |
| | § | 1:08CV150 LG |
| | § | 1:04CR3 LG-JMR |
| JOHN EARL JORDAN, JR. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO VACATE UNDER 28 U.S.C. § 2255 AND SUA SPONTE DENIAL
OF CERTIFICATE OF APPEALABILITY**

BEFORE THE COURT is the Motion of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 18 U.S.C. § 2113(a). After consideration of Defendant's Motion, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be summarily dismissed.

FACTS AND PROCEDURAL HISTORY

On June 6, 2005, Jones entered a negotiated plea of guilty to violation of 18 U.S.C. § 2113(a), bank robbery by force or violence. Jones was sentenced on May 3, 2006 to 114 months imprisonment, a three-year term of supervised release, restitution of $30,607.00, and a mandatory assessment in the amount of $100.00. The judgment of conviction was entered on May 5, 2006. The Defendant did not appeal his guilty plea or sentence.

Jones filed this Motion on April 11, 2008, raising the claims that he was improperly sentenced because of errors in his presentence investigation report, and counsel was ineffective in failing to bring these errors to the attention of the Court at the sentencing.

S<span style="font-variant:small-caps">tatute of</span> L<span style="font-variant:small-caps">imitations</span>:

  A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. In accord with other circuits, the Fifth Circuit has determined that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *United States v. Plascencia,* __ F.3d __, 2008 WL 2815535, *2 (5th Cir. July 23, 2008). Here, no direct appeal was filed; therefore the one-year statute of limitations period began to run ten days after entry of the judgment of conviction, or May 19, 2006. *See* F<span style="font-variant:small-caps">ed</span>. R. A<span style="font-variant:small-caps">pp</span>. P. 4(b)(1)(A); 26(a). The limitations period expired on May 19, 2007, approximately ten months before Jordan filed this § 2255 Motion. While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), Jordan has provided no basis for equitable tolling in this case. Consequently, equitable tolling of the limitations period does not apply. The Motion is barred by the applicable statute of limitations and should be denied for that reason.[1]

D<span style="font-variant:small-caps">efendant's</span> W<span style="font-variant:small-caps">aiver</span> O<span style="font-variant:small-caps">f</span> H<span style="font-variant:small-caps">is</span> R<span style="font-variant:small-caps">ight to</span> A<span style="font-variant:small-caps">ssert</span> C<span style="font-variant:small-caps">laims</span> U<span style="font-variant:small-caps">nder</span> 28 U.S.C. § 2255

  Not only is Jordan's § 2255 Motion barred by the statute of limitations, but he has also waived his right to file a § 2255 Motion at all. When Jordan entered his negotiated plea of guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his

---

[1] The Court has the authority to consider affirmative defenses, including the statute of limitations, *sua sponte*, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *Day v. McDonough*, 547 U.S. 198 (2006).

right to appeal the sentence or contest the sentence in any post-conviction proceeding.[2]  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief.  *United States v. Wilkes*, 20 F.3d 651(5th Cir. 1994).

The Fifth Circuit has held that *Blakely* and *Booker* do not alter the plain meaning of appeal-waiver provisions in valid plea agreements.  *United States v. McKinney*, 406 F.3d 744, 747 (5th Cir. 2005).  Even under *Booker's* advisory rather than mandatory sentencing scheme, a waiver of an appeal is enforceable because "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *United States v. Bochas,* 131 Fed.Appx. 968, 969-70 (5th Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)).  Jordan does not claim that he did not knowingly and intelligently plead guilty, only that there was an error in the sentencing calculation.  This argument presents no basis for allowing Jordan to avoid the consequences of his guilty plea.  Therefore, even if Jordan's Motion had been timely filed, the Court would be compelled to enforce the plea agreement, including Jordan's waivers of

---

[2] Defendant's Memorandum of Understanding, dated May 24, 2005, provides that Jordan:

> expressly waives . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . and the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. . . .

Ct. R. 55 p. 4-5 ¶ 16.

his right to appeal a sentence imposed within the U.S. Sentencing Guideline range and his right to contest the sentence in a post-conviction proceeding, including this § 2255 Motion.

CERTIFICATE OF APPEALABILITY:

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding " unless a circuit justice or judge issues a certificate of appealability" (" COA").  28 U.S.C. § 2253(c)(1)(A).  Although Jordan has not yet filed a notice of appeal, the Court will nonetheless address whether he is entitled to a COA.[3]

A COA " may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  " The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, " [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).  Regarding claims that a district court rejects solely on procedural grounds, the movant must show both that

---

[3] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may sua sponte rule on a COA because " the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

"jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

After considering the entire record and Jordan's pleadings, the Court concludes that jurists of reason would not debate whether he has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding his claims.

CONCLUSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for summary dismissal and cause the movant to be notified." U.S.C.S. § 2255 Proc. R.4(b). For the reasons stated above, the Court finds that it appears from the face of his Motion that Jordan is not entitled to relief. Accordingly, the Motion will be summarily dismissed. The Court further finds that Jordan is not entitled to a Certificate of Appealability.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [65] of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed April 11, 2008, is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that John Earl Jordan, Jr. is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions in these

causes, if any, are **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED** this the 13th day of August, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
